## DEER & ROSE vs. STATE OF MISSOURI.

1. On the trial of an indictment for a riot, a record showing a connection of a prosecuting witness of keeping a bawdy house, is not admissable testimony.

2. A new trial will not be granted for newly discovered testimony, if it be to assail the credibility of a witness merely.

## APPEAL from St. Louis Criminal Court.

LACKLAND, for the State.

I. The court did not err in refusing to admit the record showing that Elizabeth Hollis, alias Royce, had been indicted and convicted of keeping a bawdy house. This fact has no relevancy to the question which the jury had to try. Admitting the fact that she had been guilty of keeping a bawdy house, this did not authorize defendants to damage her house and furniture, with force and violence.

II. It is deemed immaterial to discuss the question whether the first instruction asked by defendants be correct; because the court in the second instruction declared the law applicable to the point intended to be covered by the first instruction, correctly.

The second instruction given is correct, because it seems to us clear, that, although the house spoken of may have been kept as a bawdy house, this did not authorize the defendants to damage said house or the furniture therein contained, with force and violence. If this proposition be incorrect, then it must follow that one offence against the law of the land is a justification or excuse for a second.

The third instruction is correct—Williams & Williams vs. State, 9 Mo. R. 270.

III. The court did not err in overruling the motion for a new trial. The first reason is, that the court excluded proper evidence offered for defendants. The record of this cause shows no evidence offered by defendants and excluded, except the record showing that the witness Hollis had been indicted and convicted of keeping a bawdy house. If this were at all competent evidence, it is only relevant as going to the credibility of the witness Hollis:

And First, inasmuch as it was shown on the trial that she was a prostitute, the evidence, the evidence of the record, showing that she had been indicted and convicted of keeping a bawdy house, could show nothing more. The defendants, therefore, were not injured by the refusal of this evidence, they for that reason ought not to be heard to complain.

The second reason is, because the jury found against the evidence. It is submitted that there was evidence sufficient to support the verdict. The jury gave credit to the witness and this court cannot say that the jury acted improperly in so doing.

This court will not set aside the verdict of a petit jury unless in case of a flagrant violation of justice. Williams & Williams vs. State, 9 Mo. 274.

Verdict will not be set aside unless clearly against evidence. 6 Mo. R. 489.

Verdict will not be set aside if there be some, though slight evidence to sustain it. 10 Mo. R. 676.

The third and fourth reasons, we have endeavored to dispose of.

The fifth reason is, that defendant William Deer has made a discovery of new testimony. It will be here observed by the court, that this does not effect Rose's case; because the record does not state that any newly discovered evidence has come to his knowledge.

The court did not err in refusing to grant a new trial, for the grounds mentioned in the fifth reason.

Deer & Rose vs. State of Missouri.

The affidavit of defendant Deer, states that he used due dilligence in procuring evidence for his defence in this cause, but that since the trial of this cause he has discovered evidence favorable and material to his cause   This affidavit is insufficient. It is necessary that it should contain the names of the witnesses, and what he expects to prove by them.   Wharton Crim. Law 657.

The affidavit of the first newly ascertained writ, Philippina Klingre, states in substance that the witness, Hollis, alias Royce, went out of her house on the night of the riot, through Deer's yard, towards Poplar street, just as Deer was eating his supper, which happened during the time said riot was begun, and that she heard the witness Hollis, alias Royce, tell Cat. Parker, alias Whitchell and others, to come on, and that they followed, and that during the whole of the time, defendant Deer was in his room.

The second newly discovered witness states, in substance, that she saw Deer enter his house on the night of the riot, and sit down to supper, and that during the time of the riot he could not have been out of her sight for more than five minutes at any time, and that it is her belief and opinion that Deer could not have entered into the house of Royce, alias Hollis.

The matter set forth in these affidavits, is insufficient.   A portion of the evidence alleged to have been newly discovered, goes to discredit the witness Hollis; and when the object is to discredit a witness on the opposite side, the general rule is, that a new trial will not be granted.   Wharton Crim. L. p. 663—cases there cited.

The testimony of the witness Hollis, was not unexpected, and was on the trial attempted to be discredited.   In such case the court will not grant a new trial on the ground that the party has since discovered further evidence of her want of credit.   Gardner vs. Mitchell, 6 Pick. 114; Parker vs. Hardy, 24 Pick., 246.   Nor will a new trial be granted for newly discovered evidence which goes only to discredit a witness sworn on the trial, and might have been proved by other witnesses who were sworn.   Whar. Crim. L. 663—cases there cited.

IV.   There are only two points to which the alleged newly discovered evidence can be directed.   The first, as above stated, is the credibility of the witness Hollis; and secondly, that the defendant Deer could not have been guilty of the offence charged against him; because, during the whole time it was being committed, he was in his own house, eating his supper. This, as well as the other portions of the evidence in three affidavits is merely accumulative, because, these same facts were attempted to be proven at the trial.   That defence has therefore been made, and the court will not give him another chance to make the same defence. The evidence must be material in its object, and not merely cumulative and coroborative, or collateral.   Wharton Crim. L. p. 661, and numerous cases there cited.   And it is submitted that the whole of the evidence set out in these affidavits, is of that character.

Again: This evidence must have been discovered since the last trial and was such as could not have been secured at the former trial by reasonable diligence on the part of the defendant. Wharton Crim. L. p. 658-9.   Now, although Deer swears that this evidence is newly discovered, and that he used diligence to find the same in time for the last trial, facts are disclosed in the defendants' affidavits of the newly discovered witnesses, which contradict him because it seems that these two witnesses were in the house during the time of the riot, saw defendant at his supper, watched his manners closely, and it is unreasonable to suppose he knew nothing of it.   The court had a right to discredit his affidavit under the circumstances, and find that he had not used due diligence.

RYLAND, J., delivered the opinion of the court.

The defendants, William Deir (otherwise called William Deer) William Rose, Henry Kennedy, Michael Scilter, and divers others, were indicted for a riot, charged with breaking, damaging, bruising and

stoning the house and building of one Elizabeth Hollis, otherwise called Elizabeth Royce. The defendants Deer & Rose were convicted, and fined by the jury each one hundred dollars. The other defendants, Scilter was found not guilty, and Kennedy was discharged by nolle prosequi.

On the trial it was shown that Elizabeth Hollis, alias Royce kept a house of prostitution; evidence was also given as to her credibility — making it of doubtful character.

The defendants offered in evidence, a record of the conviction of said Elizabeth Hollis, for the offence of "keeping a bawdy house."

The court rejected this record, and the defendants excepted. The defendants moved for a new trial, which was overruled. To support this motion they offered the affidavits of newly discovered testimony— the court overruled this motion and the defendants appeal to this court.

We find no fault with the court below in rejecting the record of the conviction of the witness Hollis—it could only be offered to offset her credibility—and the fact of her keeping a house of prostitution was fully shown in the proof—her credibility was impeached, and the jury had it under their consideration. We cannot see that any harm was done the defendants by rejecting this record.

As to the affidavits, about newly discovered testimony, we find nothing in them calculated to authorize our interference with the discretion of the court below.

The judgment of the court is affirmed.